DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomindale Road, Suite 100
White Plains, New York 10605
Telephone: (914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DMMJ REALTY CORP., | Case No.: 25-22157 |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MEXICAN-AMERICAN EL TIO LTD. | Case No.: 25-22158 |
| Debtor. | |

------------------------------------------------------------x

## DECLARATION OF PATRICIA BERAJAS PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

PATRICIA BERAJAS, under penalties of perjury, hereby declares and states as follows:

1. I am the president and fifty (50%) percent shareholder of each of the above-captioned debtors and debtors-in-possession, DMMJ Realty Corp. and Mexican-American El Tio Ltd. (the "**Debtors**"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### PART I
### BACKGROUND

2. In my role I have primary responsibility for the business and financial affairs of the Debtors. I am familiar with the Debtors' operations and books and records, which I personally know are prepared and maintained in the ordinary course of business. On this basis, I have personal

knowledge of the facts stated herein or knowledge based on the business records that are made and maintained in the Debtors' ordinary course of business, the information supplied to me by (a) employees who report directly to me, or (b) the Debtors' general bankruptcy counsel and other legal and professional advisors.

3. On February 27, 2025 (the "**Petition Date**"), I caused each of the Debtors to file a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtors commenced these Subchapter V Cases to effectuate a reorganization of their capital structure and operations under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. The Debtors together comprise a small business debtor within the meaning of Section 101(51d) of the Bankruptcy Code. The Debtors continue to operate their business and manage their assets as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. There is no other or prior bankruptcy case filed by or against the Debtors. To the best of my knowledge, no committee of unsecured creditors was organized prior to the order for relief in the Debtors' Subchapter V Cases.

6. A copy of the resolution authorizing the filing of these Subchapter V Cases by each of the Debtors is attached to their respective Petitions and incorporated by reference herein. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

7. Each of the Debtors is a corporation organized and existing under the laws of the State of New York.

8. The Debtor, DMMJ REALTY CORP. ("**DMMJ**"), is a holding company for a building located at 143 Westchester Avenue, Port Chester, New York 10573 (the "**Building**"). The Building is across the street from The Capitol Theatre. The Capitol Theatre is a historic theatre located in the village of Port Chester, Westchester County, New York. The Building provides parking for the events hosted at The Capitol Theatre.

9. The other Debtor, MEXICAN-AMERICAN EL TIO LTD. ("**El Tio**") is located in the Building at 143 Westchester Avenue, Port Chester, New York 10573. El Tio stands out as a vibrant destination for authentic Mexican cuisine, captivating diners with its rich flavors and inviting atmosphere.

10. As a result of the non-essential determination for the Debtors' business operations during the COVID 19 Pandemic shut-down in New York, the Debtors' business ceased nearly overnight. Various counterparties and creditors provided relief and assistance where possible, but the operations never achieved a full recovery to pre-pandemic levels.

11. The events that precipitated today's filing, include, without limitation: (i) ConEdison cut power to the Building and El Tio on February 24, 2025 due to non-payment issues; (ii) the Debtors are currently in an informal, yet expensive, dispute with the New York Department of Labor; and (iii) my personal residence was recently forced into foreclosure with a sale to occur on March 14, 2025.

12. Titan Funding Group ("**Titan**") holds a nonpriority lien on the Building and El Tio. A previous mortgage on the Building is paid in full. The Debtors represent that the large equity cushion currently held by Debtor DMMJ in the Building will be sufficient to successfully reorganize the Debtors.

13. Therefore, the needs and interests of the Debtors' creditors will best be served by

the Debtors continued possession of their property and management of their affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

14. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

15. The Debtors' mailing address is 143 Westchester Avenue, Port Chester, New York 10573. Located conveniently near The Capitol Theatre, the Debtors were established to operate as a family-style restaurant with a commitment to serving traditional dishes that reflect the heart of Mexican culinary heritage.

**Local Rule 1007-2(a)(2)**

16. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

17. Upon information and belief, no committee was organized prior to the order for relief in these Chapter 11 cases.

**Local Rule 1007-2(a)(4)**

18. A list of the names and addresses of the Debtors' 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in section 101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

19. A schedule of the Debtors' secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

20. A summary of the Debtors' assets and liabilities are annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

21. There are no publicly held securities of the Debtors.

**Local Rule 1007-2(a)(8)**

22. As stated above, the Debtors are currently in disputes with the Department of Labor and ConEdison. No receiver has been appointed or taken possession of the Building or management of the Building or any of the Debtors' other property. Therefore, none of the Debtor's assets are in possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent.

**Local Rule 1007-2(a)(9)**

23. Debtor DMMJ is a counter party to certain lease agreements with respect to the Building located at 143 Westchester Avenue, Port Chester, New York 10573 that are detailed in Schedule G of DMMJ's petitions and schedules. Debtor El Tio is similarly a counter party to certain lease agreements which are detailed in Schedule G of El Tio's petitions and schedules.

**Local Rule 1007-2(a)(10)**

24. The Debtors' digital books and records and substantial assets are located at 304 Mayflower Ave, New Rochelle, NY 10801.

**Local Rule 1007-2(a)(11)**

25. Upon information and belief there is no pending litigation involving the Debtors.

5

**Local Rule 1007-2(a)(12)**

26.     I am the president/authorized signatory for the Debtors.

27.     A corporate ownership statement was filed simultaneously with the Chapter 11 Petitions.

**Local Rule 1007-2(b)(1) and (2)**

28.     The Debtor currently has 3 employees.

34.     The Debtors' estimated gross weekly payroll and payments to officers, managers, members, and directors for the thirty (30) day period following the Chapter 11 petitions is $10,000.00.

29.     The Debtors' estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petitions is approximately $10,000.00.

**Local Rule 1007-2(b)(3)**

30.     A schedule, for the 30-day period following the filing of the Chapter 11 petitions, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 27, 2025

*/s/ Patricia Berajas*
Patricia Berajas, President

6

# SCHEDULE I

<u>CONSOLIDATED 20 LARGEST UNSECURED CREDITORS</u>

## SCHEDULE II

<u>DEBTORS' LARGEST SECURED CREDITORS</u>

## SCHEDULE III

<u>SUMMARY OF ESTIMATED ASSETS AND LIABILITIES</u>

# SCHEDULE IV

## 30 DAY PROJECTION